IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>ALL PHASE SERVICES, INC., INNOVATIVE MAINTENANCE, LLC, and TREMCO CPG, INC.,<br><br>  Defendants. | CIVIL ACTION NO. |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, Argonaut Insurance Company ("Argo" or the "Surety"), files this Original Complaint for Declaratory Relief against Defendants All Phase Services, Inc.; Innovative Maintenance, LLC; and Tremco CPG, Inc. (collectively, the "Defendants"), and respectfully states as follows:

**I.    PARTIES**

1.    Plaintiff Argonaut Insurance Company is an Illinois corporation with its principal place of business and corporate headquarters located at 225 West Washington Street, 24th Floor, Chicago, Illinois 60606.

2.    Upon information and belief, All Phase Services, Inc. ("All Phase") is a New Jersey for-profit corporation with its principal place of business in Delray Beach, Florida. All Phase may be served with process through its registered agent, C T Corporation System at 1200 South Pine Island Road, Plantation, Florida 33324.

3.    Upon information and belief, Innovative Maintenance, LLC ("Innovative") is a

Tennessee limited liability company with its principal place of business in Jefferson City, Tennessee. Innovative may be served with process through its registered agent, Arlan Williams at 1415 Leon Drive, Jefferson City, Tennessee 37760-2327 or wherever else he may be found.

4. Upon information and belief, Arlan Williams, a Tennessee citizen, is the sole member of Innovative, and as such, Innovative is a Tennessee citizen for purposes of diversity jurisdiction.

5. Upon information and belief, Tremco CPG, Inc. ("Tremco") is a Delaware for-profit corporation with its principal place of business in Beachwood, Ohio. Tremco may be served with process with process through its registered agent, Construction Service Company at 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221.

## II. JURISDICTION AND VENUE

6. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and cost.

7. Because the Plaintiff, Argo, is a citizen of Illinois for diversity purposes, and all Defendants are citizens of states other than Illinois for diversity purposes, complete diversity exists, and this Court has diversity jurisdiction over this matter.

8. Venue is proper in this district under 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to Argo's claim occurred in this district. More specifically, the Project (as hereinafter defined) was located in this district.

## III. FACTUAL ALLEGATIONS

**A. The Project**

9. This action involves the construction of the project commonly known as VA

Medical Center Roof Replacement at 3495 Bailey Avenue, Buffalo, NY 14215 (the "Project").

10. The owner of the Project is the United States Department of Veterans Affairs (the "VA").

11. The VA contracted with All Phase, as the prime contractor, to construct the Project (the "Prime Contract").

12. On or around September 14, 2020, Innovative submitted a bid to All Phase to perform a "turnkey" subcontract for the Project.

13. Innovative's bid was in the amount of $2,950,000.00.

14. Ultimately, on or around November 2, 2020, Innovative was awarded the subcontract.

15. However, on or around November 23, 2020, All Phase and Innovative executed a "turnkey" subcontract for a lump sum price of just $1,314,020.88 (the "Subcontract"). A true and correct copy of the Subcontract is attached hereto as ***Exhibit "1"*** and incorporated by reference as if fully restated herein.

16. The Subcontract specifically required Innovative to provide a payment bond and a performance bond with a penal sum equal to the Subcontract amount—$1,314,020.88. ***Exhibit 1***, ¶XXI.a.

**B.   The Bonds**

17. On or around May 13, 2021, nearly six (6) months after entering the Subcontract, Innovative contacted Argo for the first time to request the payment bond and performance bond required by the Subcontract.

18. During the underwriting review, neither Innovative nor All Phase ever disclosed to Argo that the scope of work on the Project was truly bid to be a $2,950,000.00 scope of work.

19. Instead, both Innovative and All Phase represented to Argo that the $1,314,020.88 Subcontract price was a reasonable and truthful bid for the Project.

20. Argo issued Payment Bond and Performance Bond No. CMGP00004378 (the "Bonds") on behalf of Innovative, as principal, and All Phase, as obligee, in connection the Project. A true and correct copy of the Bonds is attached hereto as *Exhibit "2"* and incorporated by reference as if fully restated herein.

21. Argo's issuance of the Bonds was in reasonable and justifiable reliance on the representations of the price of the Subcontract by Innovative and All Phase.

22. All of the foregoing representations by Innovative and All Phase were material to Argo's decision to issue the Bonds.

23. Unbeknownst to Argo at the time when it issued the Bonds, the representations regarding the price of the Subcontract were false.

24. Both Innovative and All Phase knew that the representations regarding the price of the Subcontract were false when Argo issued the Bonds on behalf of Innovative.

25. Both Innovative and All Phase knew that the representations regarding the price of the Subcontract were false when All Phase received the Bonds from Argo.

26. More specifically, Innovative and All Phase knew that Argo would not issue the Bonds on behalf of Innovative at a $2,950,000.00 penal sum.

27. To avoid that issue, Innovative and All Phase agreed to enter a $1,314,020.88 subcontract for the same "turnkey" scope of work that Innovative already admitted would be a $2,950,000 scope of work.

28. To avoid that issue, Innovative and All Phase agreed to enter a $1,314,020.88 subcontract, with the understanding that a subsequent change order would be issued to increase

the Subcontract amount to the $2,950,000 bid amount.

29. Neither Innovative nor All Phase disclosed to Argo at any relevant time that representations to Argo were false.

30. Innovative and All Phase both knew that Argo would rely on those representations in deciding whether to issue the Bonds.

31. Innovative and All Phase made the aforementioned misrepresentations with the intent to defraud Argo.

32. Innovative and All Phase made the aforementioned misrepresentations with the intent that Argo would rely on said intentional misrepresentations in issuing the Bonds that Argo would not have issued had it known the truth of the situation.

33. It was not until Claims (defined below) were received that Argo was informed that a substantial change order in the amount of $1,913,979.12 was issued to increase the Subcontract amount to $3,228,000.00 (the "Change Order").[1]

**C.   The Claims**

34. As of the date of the filing of this Complaint, since issuing the Bonds in May 2021, Argo has received a claim on the Performance Bond from All Phase.

35. As of the date of the filing of this Complaint, since issuing the Bonds in May 2021, Argo has received a claim on the Payment Bond from Tremco alleging Innovative failed to pay for materials in the amount of $1,004,372.97 supplied to the Project.

36. Tremco's payment bond claim represents a value of over seventy-five percent (75%) of the penal sum of the Bonds) on the Project.

---

[1] Argo did not consent to this Change Order resulting in a nearly 150% increase in the Subcontract amount. Further, this Change Order encompassed approximately $260,000 in changes related to additional scope. The balance of the scope of work remained the same.

37. The Performance Bond claim from All Phase and the Payment Bond claim from Tremco shall be referred to collectively herein as the "Claims".

38. If not for Innovative's and All Phase's false and fraudulent misrepresentations to, and concealment from, Argo, as described above, Argo would not have issued the Bonds and would not have incurred the obligation (if any really exists) to pay the claimants or to incur any expenses, attorneys' fees, or costs arising out of the issuance of the Bonds.

39. In making the misrepresentations and concealing information as alleged herein, Innovative and All Phase acted with malice, oppression, or fraud. Accordingly, Argo is entitled to recover exemplary damages against Innovative and All Phase.

## IV. CAUSES OF ACTION

*Count I*
*Declaratory Relief – Release of Bond Liability*
*(Against All Defendants)*

40. Argo re-alleges and incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

41. Obligees accepting surety bonds, including All Phase, cannot misrepresent or conceal facts that are relevant to the surety's analyzing the bonded risk. *Bier Pension Plan Trust v. Estate of Schneierson,* 74 N.Y.2d 312, 315, (1989); and *Matter of Union Indem. Ins. Co.,* 220 A.D.2d 339, 340 (1st Dept.1995) (see also HERSCHEL WHITFIELD ARANT, LAW OF SURETYSHIP AND GUARANTY (1931) § 28, at p. 75; 1 GEORGE WASHINGTON BRANDT, THE LAW OF SURETYSHIP AND GUARANTY (3d ed. 1905) § 256, at p. 505). Where the obligee breaches that duty, either negligently or intentionally, the surety is released from its obligations under the bonds.

42. Argo has no liability to make any payment under the Bonds based upon the material misrepresentations and failure to disclose by Innovative and by All Phase, including the failure to

disclose the aforementioned material facts prior to Argo's issuance of the Bonds.

43. A dispute has arisen and now exists in that Argo contends, and Defendants deny, that Argo is released from all liability to Defendants under the Bonds as a result of All Phase's failure to make the aforementioned disclosures.

44. Argo now seeks an Order of this Court, pursuant to 28 U.S. §2201, declaring the rights, duties, and obligations of the parties, and specifically declaring that Argo is released from all liability to Defendants and all other claimants under the Bonds.

## Count II
### *Declaratory Relief – Rescission for Fraud in the Inducement*
### *(Against All Defendants)*

45. Argo incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

46. As a result of Innovative's and All Phase's material misrepresentations as described herein, and Argo's reasonable reliance on those misrepresentations in issuing the Bonds, the Bonds are subject to rescission for fraud in the inducement, rending said Bonds void and of no effect.

47. A dispute has arisen and now exists in that Argo contends, and Defendants deny, that Argo may rescind the Bonds and refund the premium, and that the Bonds are thus void and of no effect as to all Defendants.

48. Argo now seeks an Order of this Court declaring the rights and duties of the parties and specifically declaring that the Bonds are rescinded and are void and of no effect as to all Defendants herein.

## Count III
### *Fraud*
### *(Against Defendants Innovative and All Phase)*

49. Argo incorporates herein by reference, as if fully set forth, the allegations contained

in the preceding paragraphs.

50. As a result of Innovative's and All Phase's intentional material misrepresentations as alleged herein, Argo has incurred damages in the amount of its expenses, costs, and attorneys' fees incurred to date, and which will continue to be incurred, due to claims asserted against the Bonds.

51. All such damages were, and will continue to be, actually and proximately caused by said misrepresentations on which Argo reasonably relied in issuing the Bonds.

52. If this court determines that, contrary to Counts I and II of this Complaint, Argo is not released from its obligations under the Bonds and cannot rescind the Bonds, then such damages will include all payment bond claims that Argo pays or settles in good faith under the Bond as well as all expenses, costs and attorneys' fees that Argo is incurring and will continue to incur to examine, investigate, defend, and resolve claims against the Bonds, according to proof.

### *Count IV*
### *Declaratory Relief – Attorneys' Fees*
### *(Against Defendants All Phase and Innovative)*

53. Argo incorporates herein by reference, as if fully set forth, the allegations contained in the preceding paragraphs.

54. Innovative's and All Phase's intentional and fraudulent misrepresentations have forced Argo to retain the undersigned attorneys, and accordingly, Innovative and All Phase are liable for all reasonable attorneys' fees, costs, and expenses incurred by Argo.

## V.     PRAYER FOR RELIEF

**WHEREFORE**, Argonaut Insurance Company respectfully requests that all Defendants be cited to appear and answer herein and, upon final trial thereof, that Argonaut Insurance Company receive Judgment as follows:

1. For an order of this Court declaring the rights, obligations, and duties of the

parties to this Complaint, and specifically declaring that:

    a.    Argonaut Insurance Company is released from all liability to Defendants All Phase Services, Inc. and Tremco CPG, Inc., and all other claimants under the Bonds; and

    b.    The Bonds have been rescinded and are void and of no effect as to the Defendants herein and each of them.

2.    For an award of money damages according to proof against Defendants Innovative Maintenance, LLC and All Phase Services, Inc.;

3.    For an award of all other damages, including punitive damages, against Defendants Innovative Maintenance, LLC and All Phase Services, Inc.;

4.    For attorneys' fees to the extent recoverable under contract and applicable law;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

Dated: Rochester, New York
       December 27, 2022

                Respectfully submitted,

                **McElroy, Deutsch, Mulvaney & Carpenter, LLP**

                By:    *s/Theodore M. Baum*
                        THEODORE M. BAUM
                        *Attorneys for Plaintiff*
                        *Argonaut Insurance Company*
                        820 Bausch and Lomb Place
                        Rochester, NY 14604
                        Tel: (585) 623-4286
                        tbaum@mdmc-law.com